2311-AC04204

Electronically Filed - ST CHARLES CIRCUIT DIV - July 07, 2023 - 02:49 PM

## IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
## STATE OF MISSOURI
## ASSOCIATE DIVISION

| | |
|---|---|
| **JASON BEINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **MIDLAND CREDIT MANAGEMENT, INC** ) | |
| ) | |
| Serve at: ) | |
| CSC-LAWYERS INC. SERVICE CO, R/A ) | |
| 221 BOLIVAR ST. ) | |
| JEFFERSON CITY, MO 65101 ) | |
| ) | |
| and, ) | |
| ) | |
| **MIDLAND FUNDING, LLC** ) | |
| ) | |
| Serve at: ) | |
| CSC-LAWYERS INC. SERVICE CO, R/A ) | |
| 221 BOLIVAR ST. ) | |
| JEFFERSON CITY, MO 65101 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

### PETITION

COMES NOW, Plaintiff, Jason Beins, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the

illicit collection activity was directed at Plaintiff in Saint Charles County, Missouri.

### PARTIES

4. Plaintiff is a natural person currently residing in Saint Charles County, Missouri.

5. Defendant Midland Credit Management is a foreign corporation with its principal place of business at 350 Camino de la Reina, Ste 100, San Diego, CA 92108. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Midland Funding, LLC is a foreign corporation with its principal place of business in Wilmington, DE. The principal business purpose of Defendant is debt buying, whereby Defendant Midland Funding LLC buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

7. Defendant Midland Funding, LLC is a consumer debt purchaser as contemplated under 15 U.S.C. § 1692a of the FDCPA, and is subject to the entirety of the provisions of the FDCPA.

8. Defendants Midland Credit Management and Midland Funding are closely related and affiliated companies, with common ownership.

*Fair Debt Collection Practices Act*

9. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

10. Specifically, Plaintiff believes the alleged debt arose from a consumer loan from Synchrony Bank.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

## FACTS

12. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

13. Defendant's illicit collection activity consisted of collection letters sent to Plaintiff.

14. On or about April 24, 2017, by and through the undersigned attorney's law office, Plaintiff filed a Chapter 13 Bankruptcy in the Eastern District of Missouri, case #17-42820.

15. Plaintiff's Bankruptcy petition listed Synchrony Bank as a creditor.

16. Defendant Midland Funding filed an unsecured claim in Plaintiff's bankruptcy case, alleging that it was the owner of the Synchrony Bank account allegedly owed by Plaintiff.

17. On August 22, 2022, Plaintiff received his discharge order in his Chapter 13 Bankruptcy discharging the Synchrony Bank debt allegedly owned by Defendant Midland Funding, and Midland Funding received notice of the discharge.

18. From the time Plaintiff's bankruptcy petition was granted a discharge on August 22, 2022, an injunction was in effect which prohibited any creditor from collecting on the discharged debts.

19. Plaintiff's bankruptcy filing and discharge order is a public record available to anyone.

20. Sometime following Plaintiff's August 22, 2022 bankruptcy discharge, Defendant Midland Funding placed the alleged debt for collection with its affiliated debt collector, Defendant Midland Credit Management.

21. On or about March 22, 2023, Defendant Midland Credit Management ("MCM") began attempting to collect the discharged debt for Defendant Midland Funding.

22. Defendant MCM sent debt collection letters to Plaintiff on the discharged Synchrony Bank debt allegedly owed by Defendant Midland Funding on March 22, 2023 and on June 15, 2023.

*Violations of the FDCPA*

23. Defendants knew or should have known, based on their internal records and based upon the Plaintiff's public bankruptcy record, that Plaintiff was represented by the undersigned law firm with respect to the Synchrony Bank debt.

24. Defendants' debt collection communications with Plaintiff after it had knowledge that Plaintiff was represented by an attorney with respect to the alleged debt were prohibited communications in violation of 15 U.S.C. §1692c(a)(2), which prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

25. Defendants' debt collection attempts on debts that were discharged in bankruptcy in violation of the discharge injunction was an unfair practice violation of the 15 U.S.C. § 1692f.

26. Defendants' debt collection communications representing that the debts that were discharged in bankruptcy were actually still owed and had a balance due was a false representation of the character, amount and legal status of the alleged debts, in violation of 15 U.S.C. §1692e(2)(a).

27. Defendants' collection activities have caused Plaintiff to incur actual damages including but not limited to confusion, mental anguish, anger, stress, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

28. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

29. At all times relevant, Defendant Midland Credit Management, a debt collector, as a collection agent, acted on behalf of and in furtherance of the business interests of its principal, Defendant Midland Funding, a debt collector.

30. Defendant Midland Funding is vicariously liable for the debt collection violations committed by its agent Defendant Midland Credit Management.

31. In its attempt to collect the alleged debt from Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

a. Engaging in prohibited debt collection communication with a consumer known to be represented by an attorney with respect to such debt. 15 U.S.C. § 1692c(a)(2).

b. Using an unfair debt collection practice. 15 U.S.C. §1692f.

c. Making a false representation about the character, amount and legal status of a debt. 15 U.S.C. § 1692e(2)(a).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

E. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Isaac J. Bressler
Isaac J. Bressler, MO#66379
406 Boones Lick Rd
St. Charles, MO 63301
(636) 869-4170
(636) 246-0141 facsimile
ibressler@pontellolaw.com

*Attorney for Plaintiff*